BOYLAN *v.* UNITED STATES.

1. Under the 96th section of the Excise Act of June 30th, 1864, exempting from a tax laid on sundry articles of dress by section 95, clothes manufactured of materials on which a duty had been paid, unless "the increased value" exceeds *five per cent. ad valorem,* such "increased value" is to be ascertained by a comparison between the market value of the materials at the time the tax on them was paid, with the market value of the manufactured goods at the time of the assessment of the tax upon them.

2. When the sale and delivery is to the government which imposes and collects the tax, the market value of the goods may be well enough determined by the price which the government agrees to pay, and the contractor agrees to receive.

ERROR to the Circuit Court of New York, the case being this:

By the 95th section of the act of June 30th, 1864, a tax of five per cent. was imposed on ready-made clothing, and sundry other articles of dress.* But the 96th section of the same act exempted from the tax goods manufactured of materials on which duties had been paid, unless the increased value of such goods exceeded *five per cent. ad valorem.*†

These provisions of the statute being in force, Boylan, a manufacturer of clothing, on the 10th of May, 1864, entered into a contract with the United States to manufacture and deliver to it at times specified, a certain amount of army clothing, for which he was to receive a price fixed. He did

---

* 13 Stat. at Large, 269. † Ib. 272.

manufacture and deliver the clothing during the month of October, 1864, under his contract, and received the contract price from the United States. These goods were manufactured of materials, the cash value of which, in open market, was more than the price received by him for the goods. But the cost of manufacturing the goods was more than *five per cent.* of their value when manufactured. Boylan, in his return of manufactures for October, 1864, under the internal revenue laws, made return of the goods. An internal revenue tax of five per cent. *ad valorem* upon the price received by Boylan for the goods having been assessed, the suit below, an amicable one, was brought to recover the amount of the tax. The materials of the manufactured goods had been previously assessed under the internal revenue law, and the tax on *them* had been duly paid : though *when* paid was not shown. Judgment having been rendered in favor of the United States, Boylan brought the case here to reverse it; the general question being whether the assessment was made in accordance with the proper construction of the act of Congress; or, in other words, by what rule the "increased value," spoken of in the 96th section of the act, was to be ascertained.

The case did not show what was the actual cost to Boylan of the materials, nor so whether the price agreed on for the clothes was greater than the actual cost by more than *five per cent. ad valorem.*

*Mr. Evarts, for the plaintiff in error :*

At the time when these goods became liable to duty—if liable at all—the materials were worth more in the market than the price received for the completed goods; the "increased value," therefore, does not exceed *five per cent. ad valorem*, and they are exempt. Had Boylan sold the materials in the market, instead of manufacturing and delivering them to the United States, he would have received more than he did receive. That is to say, by the process of manufacture he did not increase their value at all. But an increase

of value by that process to the extent of more than five per centum is necessary to render the product taxable.

*Mr. W. A. Field, Assistant Attorney-General, contra:*

To entitle a person, a manufacturer of clothes, to exemption from the payment of this tax, he must prove facts that bring him within the provisions that grant him the exemption.

Now this case does not show,

1st. What was the *market value* of the clothes when manufactured, and whether this *market value* was greater than the *market value* of the materials by more than five per cent. *ad valorem;* nor does it show,

2d. What the *actual cost* to Boylan of the materials was, so as to enable us to know whether the *agreed price* of the pantaloons was greater than this *actual cost* by more than five per cent. *ad valorem.*

The presumption, in such an omission, is that the increase of value of the pantaloons over the value of the materials out of which they were made was more than five per cent. *ad valorem.* Admitting the whole case shown, the defendant may have made, and the presumption is that he did make a fair and even an enormous profit upon this transaction, a profit consisting in the advance in value of materials held by him between the date of the contract and the delivery of the goods. Shall he yet be allowed to obtain exemption?

*Reply.*

1. The taxable value of the manufactured goods in this case is the price obtained by actual sales; that is, the contract price.

2. The government would introduce a new element into the computation—that of time, and hold the defendant liable on the ground that the goods were increased in value, not by manufacturing them, but by the length of time during which he held them. Assuming this to be true, it could not render the goods taxable. If we suppose the tax itself

levied on the increased value of any manufacture, no one would doubt that the increase of value *by the process of manufacture* is that which is to be taxed. The manufacturer might have held the materials for ten years, or forty; or might have obtained them by inheritance or by gift; still, the taxable *increased value* is the added value by the process of manufacture. In this case it is admitted that no value was added by this process. What has the tax claimed to do with any additions to their value made by other causes?

The CHIEF JUSTICE delivered the opinion of the court.

The general question in this case is, by what rule is the increased value to be ascertained?

It was insisted in argument that the true mode of ascertaining the amount of increase is to deduct from the price of the manufactured goods sold and delivered, the market value of the materials at the time of the delivery.

And we think it reasonable that in a case where the sale and delivery is to the government which imposes and collects the tax, that the market value of the goods shall be taken as determined by the price which the government agrees to pay and the contractor agrees to receive. But it is not so clear that the value of the materials is to be determined by their market value at the time of the delivery of the manufactured goods. On the contrary, it seems to us that when the legislature made the degree of increased value after the payment of the tax on materials, the criterion by which to determine whether the manufactured goods should be liable to, or exempt from taxation, its intention was to require a comparison between the market value of the materials at the time the tax on them was paid, with the market value of the manufactured goods at the time of the assessment of the tax upon them. The time of this assessment in the case before us was in October, 1864, and the market value, on that day, must, as we have just said, be taken as determined by the contract price.

When the duties on the materials were paid is not shown, but it is agreed that they were paid, and that the market

value of the clothing at the time of delivery to the United States was greater than the market value of the materials when made or sold by the manufacturers, or purchased by the plaintiff in error, by more than *five per cent. ad valorem.* We infer that the duties on the materials were paid when or before they became the property of the plaintiff in error.

And these circumstances, as it seems to us, take the manufactured goods out of the category of exemption established by the law.

The language of the act seems, indeed, hardly to admit of any other interpretation. In terms stripped of superfluous words, it provides that goods manufactured from materials upon which duties have been paid, when the increased value shall not exceed the amount of five per cent. ad valorem, shall be exempt. The obvious construction of this language is, that increased value means the value augmented since the original payment of the duties; and that the five per cent. is to be computed on the value of the materials when those duties were paid.

This construction requires the affirmance of the judgment of the Circuit Court, and it is accordingly

AFFIRMED.